UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELIODORO VAZQUEZ,           )
                             )
        PLAINTIFF,           )    Civil Action No._____
                             )
    v.                       )
                             )
ALLIED INTERSTATE, INC.      )
and RESURGENT CAPITAL        )
SERVICES, LP,                )
                             )
        DEFENDANTS.          )    Jury Demanded

## COMPLAINT

This is an action for damages brought by Plaintiff, Heliodoro Vazquez, by and through his attorney The Law Office of M. Kris Kasalo, Ltd., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Heliodoro Vazquez, ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt. Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

4. Defendant, Allied Interstate, Inc. ("Allied") is a corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails

and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Resurgent Capital Services, LP ("Resurgent") is a corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

6. Allied maintains a registered agent within the State of Illinois and conducts extensive and substantial business in Illinois.

7. Resurgent conducts extensive and substantial business in Illinois.

## FACTUAL ALLEGATIONS

8. At some time before January 2011, Plaintiff incurred a consumer debt arising out of a Sears Gold Mastercard credit card transaction or transactions, that was incurred for personal purposes ("alleged debt").

9. According to Defendants, the alleged debt sometime thereafter went into default.

10. According to Defendants, the alleged debt was thereafter purchased by Resurgent.

11. Resurgent thereafter assigned the alleged debt to Allied for the purpose of collection from the Plaintiff.

12. Allied thereafter repeatedly placed calls to the Plaintiff in its attempts to collect the alleged debt.

13. On February 1, 2011, Plaintiff sent Allied a letter via facsimile, which was received by Allied, referencing the alleged debt, and stating in part as follows:

> **Dear Sir or Madam:**
>
> **I do not owe the debt you are trying to collect from me. I never got a bill or letter for this debt previously. Please verify that I owe this debt.**
> **Don't contact me by phone. Don't contact me in any way but to verify the debt.**

(Exhibit A, Letter from Plaintiff to Allied dated February 1, 2011).

14. Despite the fact that Allied received Plaintiff's February 1, 2011 letter demanding that it cease telephone and other contact with Plaintiff, on or around February 10, 2011, Allied sent Plaintiff a letter stating that Resurgent is the creditor of the alleged debt, and that the amount due on the alleged debt is $166.16. (Exhibit B, Letter from Allied to Plaintiff dated February 10, 2011).

15. Upon information and belief, contrary to the information contained on Allied's letter sent to Plaintiff dated February 10, 2011, Resurgent does not own the alleged debt, and thus is not the "creditor" of the alleged debt as is stated on said letter.

16. Said letter from Allied is dated February 10, 2011, and also imposes a February 10, 2010 deadline for receipt of the settlement amount.

17. Said letter from Allied offers to settle the alleged debt for $120.00, and further states as follows:

> **To take advantage of the settlement offer outlined above we must receive your payment at the post office box referenced below no later than the close of business on February 10, 2011. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety.**

(Exhibit B, Letter from Allied to Plaintiff dated February 10, 2011).

18. Allied's offer, via letter, to settle the alleged debt if payment is received by a deadline that expires before the letter is even sent, or on the day it is sent, is deceptive and unfair, as a debtor would not be able to settle the alleged debt on the terms offered by Allied because payment of the settlement amount could not possibly ever be received by the deadline imposed by Allied.

19. To the date of the filing of this Complaint, Allied has not provided Plaintiff with verification of the alleged debt.

20. To the date of the filing of this Complaint, Allied has not provided Plaintiff with notice of his rights under § 1692g.

21. Plaintiff does not owe the alleged debt.

22. As a debt collector, Resurgent may be held vicariously liable for Allied's collection activity. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

23. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. § 1692, *et seq.*—ALLIED AND RESURGENT

24. Plaintiff re-alleges paragraphs 1-23 as if set forth fully in this count.

25. Defendants' violations of the FDCPA include, but are not limited to:

    A. Defendants violated § 1692c(c) when its employees and/or agents placed telephone calls to Plaintiff to attempt to collect the alleged debt after he had requested in writing that Defendant cease further communication with respect to the alleged debt;

B. Defendants violated § 1692d when employees and/or agents of Defendants placed telephone calls to Plaintiff to attempt to collect the alleged debt after he had requested in writing that they cease further communication with respect to the alleged debt;

C. Defendants violated § 1692d when employees and/or agents of Defendants sent Plaintiff a letter attempting to collect the alleged debt after he had requested in writing that Defendants cease further communication with respect to the alleged debt;

D. Defendants violated § 1692d when they oppressively attempted to collect the alleged debt from Plaintiff, who does not owe the alleged debt;

E. Defendants violated § 1692e when they deceptively continued to attempt collection of the alleged debt even after being informed repeatedly in writing by Plaintiff to cease further communication with respect to the debt;

F. Defendants violated § 1692e by making the settlement offer contained in the February 10, 2011 letter sent to Plaintiff, as Plaintiff would not be able to settle the alleged debt on the terms offered by Allied because payment of the settlement amount could not possibly ever be received by the deadline imposed by Allied in said letter, and thus Defendants' offer to settle was both misleading and deceptive;

G. Defendants violated § 1692e by misrepresenting that Plaintiff owed a debt that he did not owe;

H. Defendants violated § 1692e(2) by attempting to collect the alleged debt even after being informed repeatedly in writing by Plaintiff to cease further communication with respect to the debt;

I. Defendants violated § 1692e(2) by attempting to collect the alleged debt when Resurgent did not own the alleged debt, and thus when Resurgent had no standing to collect the alleged debt;

J. Defendants violated § 1692e(5) when they attempted to collect a debt from Plaintiff by sending him a collection letter dated February 10, 2011, after Plaintiff had notified Allied in writing on

K. Defendants violated § 1692e(5) when they attempted to collect a debt from Plaintiff as Plaintiff did not owe the alleged debt, and thus collection of said alleged debt is an action that could not legally be taken by Defendants;

    L.    Defendants violated § 1692e(10) when they falsely represented that Resurgent was the creditor of the alleged debt, when Resurgent was not in fact the creditor of the alleged debt;

    M.    Defendants violated § 1692e(10) by misrepresenting that Plaintiff owed a debt that he did not owe;

    N.    Defendants violated § 1692f by unfairly making the settlement offer contained in the February 10, 2011 letter sent to Plaintiff, as Plaintiff would not be able to settle the alleged debt on the terms offered by Allied because payment of the settlement amount could not possibly ever be received by the deadline imposed by Allied in said letter, and thus Defendants' offer to settle was both misleading and deceptive;

    O.    Defendants violated § 1692f by unfairly attempting to collect the alleged debt even after being informed repeatedly in writing by Plaintiff to cease further communication with respect to the debt;

    P.    Defendants violated § 1692f by unfairly representing that Resurgent was the creditor of the alleged debt, when Resurgent was not in fact the creditor of the alleged debt;

    Q.    Defendants violated § 1692f by unfairly attempting to collect the alleged debt from Plaintiff, who does not owe the alleged debt;

    R.    Defendants violated § 1692f(1) by attempting to collect an "Amount Due" from Plaintiff not authorized by the agreement creating the debt or permitted by law;

    S.    Defendants violated § 1692g when Allied did not send Plaintiff a 30-day validation notice within five days of the initial communication with Plaintiff regarding the alleged debt;

26.    As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress, irritation, feelings of hopelessness and helplessness, loss of sleep, anxiety, fear, worry, and depression, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF-FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in her favor against Defendants for the count alleged above for:

- A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

- B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mario.kasalo@kasalolaw.com